# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr26-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STEPHANIE I. MASON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify her sentence. [Doc. 355].

On April 7, 2009, the Defendant was charged in a bill of indictment along with thirteen other co-defendants with conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One) and use of a communication facility in furtherance of the conspiracy, in violation of 21 U.S.C. § 843(b) (Count Two). [Doc. 1]. On June 19, 2009, the Defendant entered a plea of guilty to Count One of the Indictment pursuant to a plea agreement. The Defendant was sentenced on May 19, 2010. At sentencing, the Court granted the Government's motion for a downward departure and reduced

the Defendant's sentence from a 60-month statutory minimum to 46 months of imprisonment. [Doc. 338]. The Defendant did not appeal her sentence to the Fourth Circuit Court of Appeals.

The Defendant now moves the Court to reduce her sentence. For grounds, the Defendant states that her counsel convinced her to sign the plea agreement based upon his representation that she would be sentenced to a term of 22 months. She further states that she is suffering from numerous health problems which require medical attention. [Doc. 355].

The Defendant's motion must be denied. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons if certain extraordinary and compelling reasons warrant a reduction; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. §

3582(c). None of these circumstances are applicable in the present case. Accordingly, the Defendant's motion for a modification of her sentence must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to modify her sentence [Doc. 355] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 4, 2010

Martin Reidinger
United States District Judge